## VAN HORN V. REDMON ET AL.

1. **New Trial:** MOTION FOR: AMENDMENT MORE THAN THREE DAYS AFTER VERDICT: NEWLY-DISCOVERED EVIDENCE. Section 2838 of the Code does not require that a motion for a new trial on the ground of newly-discovered evidence be filed within three days after verdict, and where a motion on other grounds was duly filed within that time, *held* that an amendment on the ground of newly-discovered evidence might properly be filed later.

*Appeal from Montgomery District Court.*

TUESDAY, DECEMBER 15.

THIS is a controversy involving the ownership of two colts. The form of the action is replevin. There was a trial by jury, and a verdict and judgment for the defendants. Plaintiff appeals.

*W. H. Redmon* and *W. S. Strawn*, for appellant.

*Junkin & Deemer*, for appellees.

ROTHROCK, J.—It appears from the record in the case that the colts in question were once owned by one Wesley Hall. At the time he became the owner of the property he resided with one C. H. Hall. Wesley Hall left the residence of C. H. Hall, and the colts were in a pasture upon a part of the plaintiff's father's farm, which was in the possession of one Fryer. Wesley Hall was working for the plaintiff's father.

The plaintiff claims that he bought the colts of Wesley Hall and paid him the contract price therefor. He took possession of them, and put them in a pasture belonging to and in the possession of his father. The fence was broken down and the colts taken away by C. H. Hall and the defendant Overman, and others, under the claim made by C. H. Hall that he was the owner, having purchased them from Wesley Hall before the alleged purchase by the plaintiff. The plaintiff sued out a search-warrant, and the colts were taken possession of by virtue of the warrant by the defendant Redmon, who is a constable. The plaintiff then commenced this action in replevin against Redmon. The defendant Overman intervened in the action, and claimed that he was the owner of the colts by purchase from C. H. Hall, and the issue presented for trial was whether the plaintiff or Overman was the owner of the property. Overman does not claim by any other right than that acquired from C. H. Hall. No question of innocent purchaser without notice arises in the case, and the evidence was directed to the validity of the alleged purchase made by the plaintiff and that made by C. H. Hall. There was direct evidence supporting the claim of each party. The alleged purchase by C. H. Hall was prior in point of time to that of the plaintiff, and the plaintiff endeavored to prove that no purchase whatever was made by Hall.

The verdict in the case was returned on the second day of April, 1884, and on the fifth day of the same month the plaintiff filed a motion for a new trial, setting forth a number of grounds therefor. Two days thereafter the plaintiff filed an amendment to his motion for a new trial, setting up the additional ground of newly-discovered evidence. This amendment was supported by a number of affidavits in which the affiants state facts in the nature of statements made by C. H. Hall, which, if true, show quite conclusively that the claim made by him that he purchased the colts was a fictitious pretense. There are also the affidavits of plaintiff and his counsel, which, we think, show that there was no lack of

diligence in failing to discover the evidence before verdict. We need not set out the evidence, nor the showing of diligence, in detail. We think the court should have ordered a new trial upon this ground.

A question is made by counsel for appellees to the effect that the amendment to the motion for a new trial was properly overruled because it was not filed within three days after verdict, as required by section 2838 of the Code. The ready answer to the point made is that the cited statute does not require a motion for new trial upon the ground of newly-discovered evidence to be filed within three days. The record shows that the amendment was filed and disposed of during the term.

It is proper to say that we make no disposition of any other question in this case. The appellees filed an additional abstract, and there is a dispute between counsel as to whether it was served upon counsel for appellant. But the record upon the question above discussed is not a subject of controversy between the parties. For the error in overruling the motion for a new trial the judgment will be

REVERSED.